## 50794. LIBERTY MUTUAL INSURANCE COMPANY v. CARNLEY.

EVANS, Judge.

This is a workmen's compensation case. Claimant and another brick mason were allegedly ordered to handle scaffolding on the job site. Under the union contract in effect at this job, brick masons did not handle scaffolding. An argument arose with the supervisor. Claimant lifted two pieces of scaffolding, felt pain in his back as he did so, and so advised his supervisor. All of this was denied by the supervisor. Both brick masons walked off the job. Claimant later was employed as a sporting goods salesman and was thereafter treated for back trouble and hospitalized.

The deputy director made findings of fact that the evidence was in conflict as to the alleged injury of the claimant on August 13, 1973; that the preponderance of the evidence did not support a finding that claimant sustained an injury at work; and that claimant did not notify his employer within 30 days of the incident. The deputy director also made a finding that the claimant's doctor took his history, indicating the onset of pain had come on September 12, three days before he treated him for his back ailment. The claim was denied.

The full board sustained the deputy director, but on appeal to the superior court it was ordered that the award of no compensation be resubmitted to the board, and the board was directed to exclude from consideration *all incompetent and hearsay testimony* and in particular the testimony of the doctor with respect to the claimant's

history as stated in the findings of fact. The insurer and employer appeal. *Held:*

1. Conversations between a doctor and patient may be admitted in evidence under Code § 38-302 to explain conduct and ascertain motive and in such cases, they are received not as hearsay but as original evidence to explain why the doctor took certain actions as a result of the conversation. See *Paulk v. Thomas,* 115 Ga. App. 436 (154 SE2d 872); *Clayton County Board of Education v. Hooper,* 128 Ga. App. 817, 819 (3) (198 SE2d 373).

2. Ordinarily this court is controlled by the so-called "any evidence rule." But if it appears that the board or its deputy director made an award based upon erroneous findings of fact, the case will be remanded and recommitted. See *Knight v. Fulton Industries,* 123 Ga. App. 538, 541 (181 SE2d 691).

3. The doctor's deposition shows clearly that the finding of fact in this case attributable to the doctor's testimony was incorrect as to when the patient told him he was injured, if the history be at all considered to determine the date of injury. This was an erroneous finding on the part of the deputy director to determine when the claimant first had pain in his back.

4. But even though the deputy director made an erroneous finding which was sustained by the board, he considered first the conflicting testimony of the claimant and the supervisor as to the reporting of the injury sustained on the job; and held as a matter of fact that the claimant did not notify his employer within 30 days of the claimed incident.

Under the above circumstances, it is completely unnecessary to remand the case to correct the erroneous finding of fact as to the onset of pain by the claimant, because the board has determined it has no jurisdiction to consider the case under Code § 114-303, as notice was not given within 30 days. There was no evidence that the claimant had been prevented from giving notice by reason of physical or mental capacity, or by fraud or deceit, nor was any other reasonable excuse offered for failing to give such notice.

The evidence before the deputy director was that the notice was given by the claimant which is opposed by the

testimony of the supervisor that it was not so given. Required notice need not be given with a view to claiming compensation but is necessary to put the employer on notice of injury. See *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890, 892 (78 SE2d 257). There was evidence here to support the finding that there was a lack of notice to the employer as to the injury. See *Maryland Cas. Co. v. England,* 34 Ga. App. 354 (3) (129 SE 446); *Federated Mut. Implement &c. Co. v. Elliott,* 88 Ga. App. 266 (1) (76 SE2d 568).

5. While a portion of the finding of fact by the deputy, which was sustained by the board, was erroneous, being based upon hearsay testimony of a doctor as to when the patient complained of pain; nevertheless, a finding had already been made at that time that no notice was given. Hence, it is unnecessary for the courts to require legal precision and recommit the case where the board was without jurisdiction to make the award. See *Gatrell v. Employers Mut. Liab. Ins. Co.,* 226 Ga. 688 (177 SE2d 77); *American Motorists Ins. Co. v. Brown,* 128 Ga. App. 813, 814 (198 SE2d 348).

6. It may be that the writer would have decided the fact-issue differently had it been presented to him as a member of the Board of Workmen's Compensation, but we are bound by the finding of fact as made by the deputy director, and therefore the judgment is reversed.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED JUNE 30, 1975 — DECIDED SEPTEMBER 2, 1975.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., John F. Sacha,* for appellant.

*Greene, Smith & Tarver, Jack M. Smith, Laurie C. Davis,* for appellee.