30704. SCHWARTZ v. GREENBAUM.

UNDERCOFLER, Presiding Justice.

William Schwartz filed a claim for workmen's compensation against Leonard Greenbaum doing business as Green's Northeast Liquor Store. After hearing evidence, the deputy director found that proper notice of an accident was given the employer under Code § 114-303 and awarded workmen's compensation to the claimant. The employer appealed the award to the full board on the general grounds. The full board remanded the cause to the deputy director for the purpose of taking newly discovered evidence respecting the claimant's ability to work. After the additional evidence was submitted to the deputy director, the full board found that notice to the employer was given within the statutory provision and modified the original award. This award was appealed to the superior court which held that proof of notice of an accident was not given the employer and reversed the decision of the board. The claimant appealed this judgment. The Court of Appeals affirmed the decision of the trial court and held that the evidence of notice of an injury was insufficient, citing *Royal Indem. Co. v. Coulter,* 213 Ga. 277 (98 SE2d 899) (1957). This court granted certiorari because of conflicts in the decisions of this court and the Court of Appeals since the ruling in *Coulter. Held:*

1. The evidence shows that after a strenuous day of work, the claimant suffered a heart attack several hours after he went home. He testified that ". . . I was out [of the hospital] two days and I called Mr. Jackson [the employee's supervisor] during those two days, assuming I would go back to work because I had never been out of work, and two days later, I had another attack and had to go back into the hospital."

In *Coulter,* supra, (p. 279), this court held that the notice must be of an injury or accident "arising out of and in the course of the employment, and mere notice that an employee is suffering an injury from an accident does not

meet the requirement of the statute."

Code § 114-303 requires that, "Every injured employee or his representative shall, immediately on the occurrence of any accident, or as soon thereafter as practicable, give or cause to be given to the employer, his agent, representative, or foreman, or the immediate superior of the injured employee, a notice of the accident."

In *Lumbermen's Mut. Cas. Co. v. Griggs,* 190 Ga. 277, 287 (9 SE2d 84) (1940) this court said that a liberal construction must be given to effectuate the humane purposes for which the Workmen's Compensation Act was enacted. Code § 114-303 does not require that *notice* of an injury or accident must show that it "arose out of and in the course of the employment." Therefore, this court will no longer follow the ruling set out in the *Coulter* decision. This court finds that the better rule is stated in *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890, 892 (78 SE2d 257) (1953) which holds: "The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. *Railway Express Agency v. Harper,* 70 Ga. App. 795 (29 SE2d 434)."

2. The motion of Greenbaum to dismiss the application for certiorari is denied.

3. The case is remanded to the Court of Appeals for further consideration consistent with this opinion.

*Judgment vacated. All the Justices concur, except Jordan, J., who dissents.*

ARGUED JANUARY 20, 1976 — DECIDED MARCH 11, 1976.

*Fred L. Cavalli,* for appellant.
*Swift, Currie, McGhee & Hiers, James B. Hiers,* for appellee.