## 52091. ARGONAUT INSURANCE COMPANY et al. v. CLINE.

EVANS, Judge.

This is a workmen's compensation case. Claimant was a laborer clearing an electrical right-of-way. He contends that on the 2nd day of July, 1974, that he was pulling cable away from a tractor when the cable became entangled and jerked him backwards, that he felt a sharp pain in his back as a result of the cable pulling him, and that he immediately told his supervisor that he had hurt his back. He did not work the next day or again until July 8, due to the 4th of July holiday weekend. On the 12th of July, 1974, after working about two hours, he contends his back again began hurting him so severely that the supervisor of the employer and another drove him to the office of a physician. Subsequently, he underwent an operation following failure of routine treatment, having two discs removed and a fusion of his back accomplished. He filed a claim for workmen's compensation and after a hearing before the administrative law judge, a finding of fact was made that the employer had knowledge of the accident within 30 days of its occurrence and that even though there was evidence of a pre-existing congenital defect in his back, an accident had occurred on July 2,

1974, aggravating the pre-existing condition which produced claimant's disability, and the same arose out of and in the course of his employment.

On appeal to the full board, after considering the evidence of a medical expert who operated on him, the board held this expert was of the opinion "the claimant was suffering from a degenerative disc condition not attributable to an accident or specific incident as opposed to a herniated disc condition caused by accident or injury" (T. 269). The full board also determined that the claimant did not notify his employer of the job-related accident or injury "on or about July 2 or 12, 1974, within the time required by law and the employer had no knowledge of a job-related injury," and there was no excuse for the failure to notify employer. The board then contended that if he did suffer or experience an incident at work, it was not disabling and did not aggravate his pre-existing back condition and that the pain, "if experienced at work," merely represented the manifestation of a gradual, progressive, degenerative condition which would have occurred regardless of whether the claimant was engaged in the duties of his work . . . which was in no way aggravated by the claimant's activities at work.

The board substituted its award for the award of the administrative law judge and denied compensation. On appeal to the superior court, it found that the sole examiner's finding was correct as a matter of fact and law, and the findings of fact and conclusion of law of the full board were reversed. The insurer-employer appeals. *Held:*

1. The board first determined in its findings of fact that the claimant did not notify the employer of an alleged job-related accident or injury on or about July 2 or July 12, 1974, within the time required by law (30 days) and therefore the employer had no knowledge of a job-related injury. The administrative judge accepted the testimony of the claimant that he did so notify the supervisor (Wayne Adams) of injury on the job on July 2, 1974, albeit there was some question as to whether Adams had heard him. But Adams testified that on the 12th of July, 1974, he and another employee, Atwell, took the claimant to the doctor at Pine Mountain, Georgia, for a pain in the back

which he called a mere "catch" from sitting on the back of a truck. The supervisor (Adams) was supposed to bring the employee (Atwell) back to work, but when it was necessary to take the injured claimant on to Columbus to the hospital, the supervisor returned to the job without Atwell. Approximately two weeks later the employer's public relations expert and engineer on the job, in a conversation with the supervisor and the superintendent, Floyd, asked about the claimant. The superintendent answered with the supervisor, Wayne Adams, present, "Wayne told me that John (the claimant) was sitting on the back of the pick-up and got a catch in his back and said that he thought it would be all right in a few minutes, but they did take him to the doctor."

The required notice need not be given with a view to claiming compensation and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. *Railway Express Agency v. Harper,* 70 Ga. App. 795 (1), 796 (29 SE2d 434); *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890, 892 (78 SE2d 257); *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191. Indeed in *Georgia Pacific Corp. v. Buchanan,* 113 Ga. App. 844 (3) (149 SE2d 831), it has been held that where the claimant leaves his job "to visit a doctor because of pain and that the employer had knowledge of such facts" such notice is sufficient to put the employer on inquiry as to the circumstances surrounding such disability. The evidence here demands a finding that such notice as required by Code § 114-304 was given, putting this employer on notice that this claimant may have been injured on the job on or about July 12. "No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby and, then, only to the extent of the prejudice." Code § 114-304. There is no evidence whatsoever that the employer has been prejudiced in any way as to lack of knowledge it has received as to notice here. See the recent case of *Schwartz v. Greenbaum,* 236 Ga. 476 (224 SE2d 38), overruling *Royal Indemnity Co. v. Coulter,* 213 Ga. 227 (98 SE2d 899), approving *Davison-Paxon Co. v. Ford,* 88 Ga. App. 890 (1), 892, supra, and vacating *Schwartz v. Greenbaum,* 136 Ga.

App. 259 (221 SE2d 476).

2. An award of the Board of Workmen's Compensation must be supported by findings of fact based on evidence and if the findings of fact are erroneous, the case shall be resubmitted to the board for further consideration. *Knight v. Fulton Industries,* 123 Ga. App. 538, 540, 541 (181 SE2d 691); *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697 (1) (119 SE 39); *Atlanta Transit System v. Harcourt,* 94 Ga. App. 503 (95 SE2d 41); *Ideal Mut. Ins. Co. v. Ray,* 92 Ga. App. 273, 276 (88 SE2d 428); *Lathem v. Hartford Acc. &c. Co.,* 60 Ga. App. 523, 527 (3 SE2d 916); *Woodruff v. American Mut. Liab. Ins. Co.,* 67 Ga. App. 554, 560 (21 SE2d 298); *U. S. Fidelity &c. Co. v. Brown,* 68 Ga. App. 706 (3) (23 SE2d 443). See also *Liberty Mut. Ins. Co. v. Carnley,* 135 Ga. App. 599 (2, 3) (218 SE2d 307).

3. The basis for the finding of the board that there was no aggravation of a pre-existing condition and that his activity in no way aggravated the same is premised solely on the testimony of a Dr. Burr who operated upon the claimant's back, removing two discs and fusing his spine. The findings of fact of the board so state. In Dr. Burr's testimony, we find that the claimant gave a history of a job-oriented injury which was mentioned to a co-worker and his foreman. His examination disclosed the diagnosis of acute spondylolisthesis with considerable pain and with muscle tightness in his leg. He testified that a mileogram disclosed no herniated disc or ruptured disc, but a completely degenerated disc that produced all the pain, resulting in the operation and spinal fusion. In answer to a hypothetical question that the strain in pulling the cable on July 2 caused the back trouble necessitating the operation, the doctor answered that ". . . knowing that he has a back that's predisposed to trouble, I think that this is most likely the thing that caused the flare-up and was the reason for his acute problems." (T. 133) He also testified that if the claimant was in fact pulling on a cable, having to strain reasonably hard, that this could be a "reasonable injury for the type of problem he was having when I first saw him." Nowhere in the record of Dr. Burr's testimony can be found any basis for the finding as to his alleged testimony by the board that

"the claimant was having some degenerative disc condition not attributable to an accident or specific incident as opposed to a herniated disc condition caused by accident or injury" or that "Dr. Burr was of the opinion that the work the claimant performed . . . was not a factor or cause or aggravation of the degenerating disc condition." Based upon the alleged opinion of Dr. Burr, the board then found this "pain as experienced at work merely represented the manifestation of a gradual, progressive, degenerative condition which would have occurred regardless of whether the claimant was engaged in the duties of his work . . . which was in no way aggravated by the claimant's activities at work."

The board completely misconstrued the testimony of the expert, and its findings of fact based thereon are completely erroneous. The case is remanded with direction that it be recommitted to the board for further consideration.

4. While the judgment here of the superior court sought to substitute the finding of the administrative law judge for that of the board which could not be done, nevertheless, if the judgment of the court is right for any reason, it must be affirmed even though a wrong reason be given therefor. *Blount v. King,* 51 Ga. App. 4 (3) (179 SE 198); *Coker v. City of Atlanta,* 186 Ga. 473 (198 SE 74); *Hill v. Rivers,* 200 Ga. 354, 356 (37 SE2d 386); *Walden v. Barwick,* 72 Ga. App. 545 (2) (34 SE2d 552).

*Judgment affirmed with direction. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED APRIL 8, 1976 — DECIDED APRIL 21, 1976 — REHEARING DENIED MAY 26, 1976.

*Savell, Williams, Cox & Angel, Lawson A. Cox, II,* for appellants.

*Roy D. Moultrie,* for appellee.