## 50760. SCHWARTZ v. GREENBAUM.

MARSHALL, Judge.

For a statement of this case see our prior opinion in *Schwartz v. Greenbaum,* 136 Ga. App. 259 (221 SE2d 61). That opinion has been vacated by the Supreme Court (236 Ga. 476 (224 SE2d 38)). The case has been remanded to this court for further consideration consistent with the opinion of the Supreme Court. *Held:*

The sole issue for resolution is whether the employee, Schwartz, gave notice to his employer, Greenbaum, of a work-related accident. The requirements of notice are governed by Code Ann. § 114-303 (Ga. L. 1920, p. 180; 1923, pp. 92, 93; 1931, pp. 7, 43). As pertinent to this case that section of the Code requires "Every injured employee . . . shall . . . give . . . to the employer . . . a notice of the accident. This notice shall be given by the employee . . . and until such notice is given the employee shall not be entitled to . . . any compensation which may have accrued . . . prior to the giving of such notice . . . No compensation will be payable unless such notice . . . is given within 30 days after the occurrence of an accident . . . unless . . . the employer . . . had knowledge of the accident . . ."

It is clear that the law requires notice of an accident be given to the employer unless the employer has independent knowledge of the accident. However, neither notice nor knowledge may be presumed but must be proven by the employee-claimant. *Mallory v. American Cas. Co.,* 116 Ga. App. 477 (1) (157 SE2d 775). The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. *Railway Express Agency v. Harper,* 70 Ga. App. 795 (29 SE2d 434); *Davison-Paxon Co. v. Ford,* 88

Ga. App. 890, 891 (78 SE2d 257); *Employers Commercial Union Ins. Co. v. Offutt,* 129 Ga. App. 270 (199 SE2d 406).

The only evidence in this record relating to notice to the employer is the following: ". . . I remained in the hospital for two weeks, thinking it would . . . I would come out and go back to work again. And I believe that is . . . I believe I called, I was out two days and I called Mr. Jackson [claimant's supervisor] during those two days, assuming that I would go back to work because I had never been out of work . . ."

The record makes clear that Schwartz felt only fatigue at his place of work. He personally experienced no symptoms of a heart seizure until he had been at his residence for a short period of time. Thus the employer had no occasion or reason to have independent knowledge of the heart attack. The very language (and the only evidence) offered by Schwartz indicates that the purpose of his telephone call was to inform his employer that he was coming back to work. Though the record does reflect that the employer was aware that Schwartz had a prior history of heart disease, the evidence reflected the last heart attack had occurred over 10 years earlier. The record also reflects that Schwartz was a dependable employee who rarely if ever was absent and that he had been absent from his place of employment for two weeks. Nevertheless, there is absolutely no evidence in this record that the employer was ever told by Schwartz, nor did Schwartz show that Greenbaum had the opportunity to become aware of the fact, that Schwartz had experienced a heart attack.

We will not and need not speculate whether the employer might have in some way become aware that its employee had experienced an accident. The statute, Code § 114-303 does not place any burden upon the employer. The burden is upon the employee to give requisite notice, or prove that for justifiable reason notice could not be given within the proper time, or that the employer was otherwise aware of the accident. Neither that notice nor that knowledge is to be presumed but remains a matter of proof resting upon the claimant. *Mallory v. American Cas. Co.,* 116 Ga. App. 477 (1), supra.

Schwartz has not met his burden of proof. Ac-

cordingly, we will affirm the judgment of the superior court concluding there was no notice of the accident as required by law.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

DECIDED MAY 20, 1976.

*Fred L. Cavalli,* for appellant.

*Katz, Paller & Land, Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellee.