### 56898. BARRON v. PACIFIC EMPLOYERS INSURANCE COMPANY et al.

BANKE, Judge.

The appellant, Katie Jean Barron, appeals the denial of her claim for compensation under the Worker's Compensation Act.

1. The appellees, the Kroger Company and Pacific Employers Insurance Company, filed a motion to strike the appeal from the docket and to have the record returned to the trial court for determination of the appellee's traverse of the appellant's pauper's affidavit. Contrary to the appellees' contentions, our October 4, 1978, order granting a similar motion in *Weatherspoon v. K-Mart Enterprises,* Court of Appeals No. 56971 does not provide support for their motion.

In *Weatherspoon* transmittal of the trial record to the Court of Appeals occurred *one* day after the appellant filed her pauper's affidavit and *before* the appellee's attorney had received service of a copy of the affidavit and motion granted thereon. Appellee's attorney was therefore effectively denied an opportunity to traverse the pauper's affidavit. In this case the trial record was not transmitted to this court until *six* days after appellant filed her affidavit and two days *after* the appellees' attorney had received service of her notice of appeal, pauper's affidavit, and granted motion to proceed in forma pauperis. In addition, the appellees did not submit their traverse until eight days after docketing. The appellees' motion is denied. See generally *Spaulding v. Rich's, Inc.,* 144 Ga. App. 467 (241 SE2d 584) (1978) (appellee filed motion to stay the transmittal of the record pending hearing on the traverse.)

2. The appellant sought compensation for three allegedly work-related illnesses: chronic bronchitis, varicose veins, and pulmonary emboli. The administrative law judge's finding of fact regarding the first two injuries were amply supported by the evidence, and the trial judge did not err in affirming the board's ruling that the appellant was not entitled to compensation for these injuries.

The evidence regarding the third illness, pulmonary emboli, was somewhat stronger. However, as the administrative law judge found in his order, the appellant failed to give her employer notice of her injury within 30 days after the alleged work-related injury as required by Code Ann. § 114-303. The appellant testified that she called Mr. Harris, the store manager at the Kroger store where she worked, and informed him that she was ill and that she later informed him that she would require hospitalization for pulmonary emboli. The appellant now claims that this condition resulted from an on-the-job injury (a bruise) sustained when a customer hit her on the leg with a grocery cart; however, there is nothing in her testimony suggesting that she ever told Mr. Harris of this particular injury. Mr. Harris testified that the appellant never indicated to him that any of her health problems were caused by her employment. In addition, there is no indication that Harris had any independent knowledge of the injury.

As this court held in *Schwartz v. Greenbaum,* 138 Ga. App. 695, 696 (227 SE2d 479) (1976) (on remand from the Supreme Court), "The statute, Code § 114-303 does not place any burden upon the employer. The burden is upon the employee to give requisite notice, or prove that for justifiable reason notice could not be given within the proper time, or that the employer was otherwise aware of the accident. Neither that notice nor that knowledge is to be presumed but remains a matter of proof resting upon the claimant. *Mallory v. American Cas. Co.,* 116 Ga. App. 477 (1), supra."

The appellant has not met this burden; and thus, assuming arguendo that the evidence sustains her claim, she is ineligible to receive compensation for her third illness. See *Schwartz v. Greenbaum,* supra. Compare *Ar-*

*gonaut Ins. Co. v. Cline,* 138 Ga. App. 778 (227 SE2d 405) (1976).

3. The appellant enumerates as error the administrative law judge's failure to make rulings on various of her objections to the evidence. The failure of the trial judge to rule upon an objection on the admissibility of evidence is equivalent to overruling that objection. *Lynn v. State,* 140 Ga. 387 (8) (79 SE 29) (1913); *Heinz v. Backus,* 34 Ga. App. 203 (2) (b) (128 SE 915) (1925). In addition, it is incumbent upon trial counsel to call this matter to the court's attention and to ask for a specific ruling on any objection previously raised. *Bryan v. Barnett,* 205 Ga. 94 (4) (52 SE2d 613) (1949). This enumeration of error is therefore denied.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 14, 1978 — DECIDED FEBRUARY 1, 1979 — REHEARING DENIED FEBRUARY 13, 1979.

*Rich, Bass, Kidd, Witcher & Billington, Charles T. Bass,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White,* for appellees.