64380. WEST POINT PEPPERELL, INC. v. GORDON.

SOGNIER, Judge.

This court granted West Point Pepperell's discretionary appeal from a judgment of the Superior Court affirming an award of the State Board of Workers' Compensation in favor of Gordon.

1. Appellant contends the trial court erred in affirming the workers' compensation award because the evidence was insufficient to support the award. Appellant argues that Gordon's physical problems (hemorrhoids) did not arise out of his employment and that he did not suffer any injury on the job that resulted in disability. The evidence disclosed and the ALJ found that Gordon suffered from hemorrhoids and underwent surgery a number of times during the course of his employment with appellant to correct the problem. The ALJ also found as a matter of fact that Gordon's problem was aggravated to some extent by his duties on the job (operating a hyster truck). Gordon filed his claim on January 7, 1981 following surgery to correct the problem. It is settled that the aggravation of a pre-existing infirmity is compensable. *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907) (1962); *Nash v. Trust Co. of Ga.,* 131 Ga. App. 684 (206 SE2d 566) (1974). A finding of fact by the board, when supported by any evidence, is conclusive and binding on the court, and a judge of the superior court does not have authority to set aside an award based on those findings of fact. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65) (1976); *Banks v. Royal Globe Ins.*

*Co.,* 160 Ga. App. 18 (286 SE2d 309) (1981).

2. Appellant contends that Gordon failed to give timely notice of his injury to his employer pursuant to Code Ann. § 114-303. However, the evidence clearly discloses the employer's knowledge of Gordon's condition, notice by Gordon that his job-related activities aggravated the condition, and notice by Gordon that he was to undergo surgery in January, 1981. The award commenced in January, 1981 based on Gordon's temporary total disability. " 'The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. [Cit.].' " *Schwartz v. Greenbaum,* 236 Ga. 476 (224 SE2d 38) (1976); *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778 (227 SE2d 405) (1976); *Mayor &c. of Savannah v. George,* 145 Ga. App. 57, 58 (243 SE2d 259) (1978).

Appellant cites *Barron v. Pacific Employers Ins. Co.,* 149 Ga. App. 113, 114 (253 SE2d 777) (1979), to support its argument that notice to an employer or treatment for a chronic condition is not notice of a job-related injury. However, in *Barron,* the evidence disclosed that the employee *never* indicated that her health problems were related to her employment. Appellant's reliance on *Carey v. Travelers Ins. Co.,* 133 Ga. App. 657 (212 SE2d 13) (1975), is not persuasive. *Carey* follows the rule in *Royal Indemnity Co. v. Coulter,* 213 Ga. 277, 279 (98 SE2d 899) (1957), which was disapproved in *Schwartz v. Greenbaum,* supra at p. 477. The ALJ was correct in finding notice sufficient in the instant case. See *Dairymen, Inc. v. Wood,* 162 Ga. App. 430, 432 (291 SE2d 763) (1982).

3. Finally, appellant contends that the trial court erred in affirming the award of attorney's fees to Gordon. The ALJ found that appellant had defended the case on the issue of notice without reasonable grounds and assessed attorney's fees in a lump sum amount of $1,000. Code Ann. § 114-712(b).

The allowance of attorney's fees under Code Ann. § 114-712 (b) (1) may be predicated upon a determination that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds. This presents an issue of fact for determination by the board, *American Motorist &c. Co. v. Corbett,* 144 Ga. App. 845, 847 (242 SE2d 748) (1978); *Union Carbide Corp. v. Coffman,* 158 Ga. App. 360, 362 (280 SE2d 140) (1981), and where there is any evidence to support the award the court must affirm. *Howard Sheppard v. McGowan,* supra.

Appellant argues that there is no evidence to support the amount of the award as to attorney's fees. Gordon's attorney testified as an expert that a reasonable attorney fee for services rendered in the instant case was $1,000. "Sufficient evidence to support an award of

attorney's fees would not necessarily have to consist of the man hours devoted to the case but might only consist of an opinion of an expert (the claimant's attorney might well qualify as an expert) as to what a reasonable fee would be for the services rendered." *Liberty Mut. Ins. Co. v. Kirkland,* 156 Ga. App. 576, 577 (275 SE2d 152) (1980). Thus, we find no error in the award as to attorney's fees.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 13, 1982.

*Joseph L. Waldrep,* for appellant.
*Alex Byars,* for appellee.