67493. CARROLL v. DAN RIVER MILLS, INC.

DEEN, Presiding Judge.

The sole issue on appeal in this workers' compensation case is whether attorney fees should be assessed against appellee Crystal Springs Textiles Division of Dan River, Inc. (Dan River), employer/self-insured, for alleged non-compliance with the time

requirements of OCGA § 34-9-221 (b) and (d) (Code Ann. § 114-705), without reasonable grounds for such non-compliance.

In the course of his employment with Dan River and with a former employer (not a party to the action below), appellant Carroll had received more than one job-related injury, as defined in OCGA § 34-9-1 (4) (Code Ann. § 114-101), for which he received benefits under the Workers' Compensation Act, OCGA § 34-9-1 et seq. (Code Ann. § 114-101 et seq.). In March of 1980, while employed at Dan River, appellant sustained a job-related injury to his lower back which necessitated surgery and a five-month convalescence before returning to work on August 12, 1980. He was assigned to a less physically demanding job, which he held until March 12, 1981, when he left for medical reasons, which led ultimately to his filing the claim underlying this appeal. From time to time during the seven-month period between August and March, appellant had made casual mention to co-workers and his immediate supervisor that he was experiencing pain in his neck and shoulder, but, according to his supervisors' testimony, neither directly nor indirectly did he imply that such discomfort was related to his earlier low back trouble or to his present job duties, or that he had sustained a specific and definable injury between August and March 12. There is undisputed testimony that when he left work on March 12, 1981, appellant informed his immediate supervisor that he was going to consult a physician concerning pain in his neck and shoulder. The records of this physician, Dr. Derrick, and of the specialist, Dr. Kadrie, to whom Derrick had referred appellant, contain the statement, apparently based on information supplied by appellant, that his condition was not job-related.

Immediately after these initial medical consultations, appellant went to Dan River's personnel office and requested that the personnel clerk file group insurance forms on his behalf. These forms bear the affirmative statement that appellant's condition was not job-related. Appellant returned to the personnel office each month thereafter to pay his group insurance premiums. Appellant acknowledged that he understood the difference between claims under group insurance and under worker's compensation but offered no cohesive explanation of his decision to file first under group insurance and then, five months later, to file under workers' compensation.

On October 5, 1981, appellee was notified by letter from appellant's attorney that the March 12 injury was job-related and that a workers' compensation claim was being filed. Appellee investigated the claim and, pursuant to OCGA § 34-9-221 (d) (Code Ann. § 114-705), filed a Notice to Controvert on October 26, 1981,.

exactly twenty-one days after receipt of notice of the claim. Appellee began paying workers' compensation benefits some three months thereafter.

At a hearing held June 8, 1982, an administrative law judge (ALJ) found that appellant had suffered a compensable injury on March 12, 1981, and ordered payment of benefits for 400 weeks. The ALJ's award contained the following "findings": (1-5) the employee was injured in the manner outlined, supra, and he informed his supervisor of his trouble with his neck and shoulder; (6) the employer had knowledge of the March 12 "accident and injury . . . on or before the end of March 1981"; (7) "[i]ncome benefits were not paid . . . nor did the employer file a notice to controvert" within the statutory time, and "[s]uch failures to comply . . . were without reasonable grounds." On this basis, the ALJ awarded attorney fees, pursuant to OCGA § 34-9-108 (b) (Code Ann. § 114-712), in the amount of 30% of weekly benefits. The State Board of Workers' Compensation (Board) affirmed the ALJ's award, adopting as its own his findings of fact and conclusions of law. OCGA § 34-9-102 (Code Ann. § 114-707); *Southeastern Express Co. v. Edmondson,* 30 Ga. App. 697 (119 SE 39) (1923). The Board reduced attorney fees from 30% to 25% of weekly benefits, however. Dan River then appealed to the Walker County Superior Court, pursuant to OCGA § 34-9-105 (Code Ann. § 114-710), and that court reversed the award of attorney fees, holding that the Board had "failed to make specific findings of fact to support its conclusion that the employer/self-insured's non-compliance with OCGA § 34-9-221 (Code Ann. § 114-705) was *without reasonable grounds.*" See OCGA § 34-9-105 (c)(3), (4) (Code Ann. § 114-710). The trial court also denied Carroll's motion for assessment of additional attorney fees for bringing a frivolous appeal. Carroll appeals from this judgment, enumerating as error the court's ruling that the Board had not made findings of fact sufficient to support the award of attorney fees under OCGA § 34-9-108 (b)(2), (3) (Code Ann. § 114-712), and the court's failure to remand the case to the Board for further findings of fact. *Held:*

1. The superior court did not err in holding that the ALJ and, by adoption, the Board, had not made specific findings of fact sufficient to support its conclusion that the employer/self-insurer's alleged non-compliance with OCGA § 34-9-221 (b) and (d) (Code Ann. § 114-705) was without reasonable grounds. The ALJ's findings concerning the alleged non-compliance reads in its entirety as follows: "Income benefits were not paid to this employee within 14 days after the employer had knowledge of such injury, nor, did the employer/self-insured file a notice to controvert (WC-3) for this injury on or before the 21st day after knowledge, in violation of

[OCGA § 34-9-221 (Code Ann. § 114-705)] (b) and (d). Such failures to comply with [this Code section] were without reasonable grounds." The "finding" sets forth no specific facts as to Dan River's reasons, or lack thereof, for its alleged non-compliance.

The allowance of attorney fees under OCGA § 34-9-108 (Code Ann. § 114-712) must be based on a determination that the employer's non-compliance was "without reasonable grounds." *Union Carbide Corp. v. Coffman,* 158 Ga. App. 360 (280 SE2d 490) (1981). Scrutiny of the record in the instant case reveals no scintilla of evidence to support the conclusion reached in the final sentence of the quoted "finding"; namely, that there existed "no reasonable grounds" for the alleged non-compliance by failing to pay benefits within 14 days of March 12, 1981, (subsection [b]) or to file a notice to controvert within twenty-one days of that date (subsection [d]). To the contrary, the record contains clear-cut evidence that under a correct assessment of the legal significance of the facts, appellee did comply in a timely fashion with OCGA § 34-9-221 (d) (Code Ann. § 114-705), and that there were reasonable grounds for non-compliance with the requirement of subsection (b) that benefits be paid within 14 days of notice of a job-related injury. On the basis of our examination of the entire record, we find that the ALJ erred as a matter of law in finding that appellant's remark to his supervisor, as he left work on March 12, that he needed to consult a physician because of a sore neck and shoulder, constituted "notice" to the employer of a possibly job-related injury, as contemplated by the Act. The burden is clearly on the employee to give such notice as will alert the employer to the possibility of a job-related injury and to prompt the latter to make such investigation as he may see fit. OCGA § 34-9-80 (Code Ann. § 114-303); *Schwartz v. Greenbaum,* 138 Ga. App. 695 (227 SE2d 479) (1976); *Carey v. Travelers Ins. Co.,* 133 Ga. App. 657 (212 SE2d 13) (1975); *Kresge v. Holley,* 104 Ga. App. 144 (121 SE2d 182) (1961).

Such notice need not be in a particular format, *Complete Auto Transit v. Reavis,* 105 Ga. App. 364 (124 SE2d 491) (1962), and need not state that it is being given for the express purpose of filing a workers' compensation claim. *Home Indem. Co. v. Brown,* 141 Ga. App. 563 (234 SE2d 97) (1977). Either the language or the context of the notice, however, must be such as to indicate to the employer (or his agent, appropriate supervisory personnel) that there exists at least a possibility that the injury complained of may be job-related. *Carey v. Travelers Ins. Co.,* supra; *Kresge v. Holley,* supra. Not only did appellant in the instant case give no such notice, but his affirmative representations to the contrary, made for purposes of physicians' records and group insurance forms, clearly created the inference (especially in conjunction with his regular visits to the

personnel office to pay group insurance premiums) that the injury was *not* job-related.

The superior court, when sitting as an appellate body, is ordinarily bound by the "any evidence" standard of review. OCGA § 34-9-105 (Code Ann. § 114-710); *Banks v. Royal Globe Ins. Co.,* 160 Ga. App. 18 (286 SE2d 309) (1981). In this posture, the superior court is not authorized to substitute its judgment for that of the Board, *Horton v. Ga. Power Co.,* 164 Ga. App. 252 (296 SE2d 798) (1982); *Dept. of Revenue v. Graham,* 102 Ga. App. 756 (117 SE2d 902) (1960); and where there is conflicting evidence, then the resolution of discrepancies and the determination of witnesses' credibility is ordinarily for the ALJ or the Board as finders of fact. *American Motorist Ins. Co. v. Corbett,* 144 Ga. App. 845 (242 SE2d 748) (1978). Only where there is plain error of fact or an error purely of law is an appellate court authorized to reverse the Board's award. See *Crawford W. Long Hosp. v. Mitchell,* 100 Ga. App. 276 (111 SE2d 120) (1959); *Ga. Ins. Service v. Lord,* 83 Ga. App. 28 (62 SE2d 402) (1950); *American Mut. Liability Ins. Co. v. Brock,* 35 Ga. App. 772 (135 SE 103) (1926). See also *Parks v. American Fidelity &c. Co.,* 97 Ga. App. 833 (104 SE2d 624) (1958); *Employers Liability &c. Corp. v. Hollifield,* 93 Ga. App. 51 (90 SE2d 681) (1955); *Aetna Cas. &c. Co. v. Fulmer,* 81 Ga. App. 97 (57 SE2d 865) (1950), and vice versa, 85 Ga. App. 102 (68 SE2d 180) (1951).

Our scrutiny of the record in the instant case, however, discloses that since the March 12 "notice" to the employer was insufficient as a matter of law to put appellee on notice of the possibility of a workers' compensation claim, there was no evidence at all to support the Board's finding that attorney fees should be assessed in accordance with the provisions of OCGA § 34-9-108 (b) (Code Ann. § 114-712) regarding reasonable grounds for non-compliance. The record discloses not only that there was competent evidence of timely compliance with subsection (d) (filing of notice to controvert within 21 days of receipt of the letter from appellant's attorney) and there was no evidence at all to support a conclusion that there were no reasonable grounds for a technical violation of subsection (b), but that there was affirmative evidence of a reasonable ground for the employer to believe that no payment was due, and thereby to commit a technical violation of the time-frame requirements of OCGA § 34-9-221 (b) (Code Ann. § 114-705). We therefore hold that the superior court correctly reversed the Board's award of attorney fees.

2. Appellant's second enumeration is without merit in that OCGA § 34-9-105 (d) (Code Ann. § 114-710) clearly permits the superior court either to "recommit the controversy to the board for further hearing or proceedings" or to "enter the proper judgment

upon the findings" as the particular circumstances require. Contrary to appellant's contention, the court was authorized to enter judgment on the basis of the record rather than merely to remand the case to the Board. OCGA § 34-9-105 (c)(3), (4)(d) (Code Ann. § 114-710); *Parks v. American Fidelity &c. Co.,* supra; *Employers Liability &c. Corp. v. Hollifield,* supra; *U. S. Fidelity &c. Co. v. Maddox,* 52 Ga. App. 416 (183 SE 570) (1935).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 5, 1984 —
REHEARING DENIED JANUARY 25, 1984 — 

*Don L. Hartman, Robert A. Wharton, Jr.,* for appellant.
*H. Clifton Woodson,* for appellee.