68322. DUGGER v. NORTH BROTHERS COMPANY et al.
(323 SE2d 907)

BENHAM, Judge.

On October 9, 1979, appellant's physician told appellant that he had contracted asbestosis, which had rendered him totally disabled. Asserting that he had become totally disabled due to exposure to asbestos while in the employ of appellee North Brothers Company, appellant/employee filed a claim for benefits under the Workers' Compensation Act (OCGA Title 34, Ch. 9) on July 16, 1980. After conducting a hearing and considering the evidence, an administrative law judge found, inter alia, that while asbestosis had rendered appellant totally disabled on July 26, 1979 (the day following appellant's last working day), he was not entitled to receive workers' compensation benefits from North Brothers because he had failed to give notice of the accident to his employer within 30 days after the accident, as required by OCGA § 34-9-80. The employee's appeal to the State Board of Workers' Compensation resulted in a reversal of the ALJ's decision. After its de novo review of the evidence, a majority of the Board found that appellant/claimant "became totally disabled to work by reason of the occupational disease of asbestosis on October 9, 1979" and that North Brothers "had notice of claimant's condition by virtue of claimant's generally poor health on July 25, 1979," the day appellant last worked for appellee. North Brothers sought review of the Board's award in the superior court, which reversed the Board on the

ground that appellant had failed to give his employer timely notice of the accident, as required by OCGA § 34-9-80. Specifically, the superior court held that "the Board erred in finding that North Brothers' knowledge of Dugger's general poor health at the time his employment was terminated gave North Brothers notice of Dugger's disablement due to asbestosis arising two and one-half (2-½) months later." Appellant's application for discretionary appeal was subsequently granted by this court.

1. As may be discerned from a perusal of the facts summarized above, resolution of this case revolves around a determination of whether appellee/employer received the notice of appellant's disablement that OCGA § 34-9-80 requires. The question posed is one of utmost importance to the parties to this appeal since "[c]ompliance with the 30-day notice provision of the [Workers'] Compensation Act [OCGA § 34-9-80] is a prerequisite to the payment of compensation." *Jackson v. U. S. Fidelity &c. Co.*, 119 Ga. App. 111 (1) (166 SE2d 426) (1969). See also *Barron v. Pacific Employers Ins. Co.*, 149 Ga. App. 113 (2) (253 SE2d 777) (1979). Indeed, the question is of interest to the bench and bar inasmuch as we are dealing with a question concerning the application of the notice provision to a case involving an occupational disease.

However, before we can delve into the adequacy of any notice of appellant's accident that North Brothers may have received, we must answer a preliminary question raised by appellant: Is the Board's decision that the employer had the requisite notice a finding of fact which, if supported by any evidence, must be affirmed by the reviewing superior court? Or is that decision a conclusion of law which, if erroneous, subjects the Board's award to reversal by the reviewing superior court? Appellant argues that it is a finding of fact which was supported by evidence of record and therefore not subject to reversal by the superior court. Appellee maintains that it is a mixed question of law and fact, and we are inclined to agree. While the Board's conclusion that appellee had notice on July 25 of appellant's disablement is a factual finding, whether that which the Board determined was "notice" (i.e., the employer's knowledge of appellant's generally poor health on July 25, 1979) was sufficient as a matter of law to put the employer on notice of the possibility of an asbestosis workers' compensation claim is a legal question subject to appellate review. See *Carroll v. Dan River Mills*, 169 Ga. App. 558, 562 (313 SE2d 741) (1984). See also *Schwartz v. Greenbaum*, 136 Ga. App. 259 (221 SE2d 61) (1975), vacated, 236 Ga. 476 (224 SE2d 38) (1976), on remand, 138 Ga. App. 695 (227 SE2d 479) (1976). Thus, contrary to appellant's contention, the superior court did not substitute its finding of fact for that handed down by the Board when that court determined that the "notice" the Board relied upon was insufficient as a matter of law. It

falls upon this court to determine if the superior court's determination was correct as a matter of law.

2. Under the provisions of the article of the Workers' Compensation Act governing occupational diseases (OCGA § 34-9-280 et seq.), asbestosis is an occupational disease which, if certain criteria are met, can cause an employee's disablement. See OCGA § 34-9-280 (2). "'Disablement' means the event of an employee becoming actually incapacitated because of occupational disease from performing . . . any work in any . . . occupation for remuneration." OCGA § 34-9-280 (2). The article further states that disablement resulting from an occupational disease is to be treated as the occurrence of an injury by accident, and that the practices and procedures outlined in the Workers' Compensation Act are applicable. OCGA § 34-9-281 (a). Thus, a disabled employee, or his representative, is required to give or cause to be given to the employer a notice of the disablement immediately on its occurrence or as soon thereafter as practicable. OCGA § 34-9-80. However, no such notice is required if the employer or his agent had knowledge of the disablement. Id. Here, there is no question that appellant did not give notice; it is asserted that such action on the part of appellant was unnecessary because appellee had knowledge of the disablement since it was aware of appellant's "below average" health on the last day he worked for North Brothers. Evidence concerning the extent of appellee's knowledge is contained in the record in the testimony of the man who hired appellant on behalf of North Brothers. He stated that, at the time appellant was hired, his health was "below average," and that appellant complained to him that "his health wasn't that good and he was having some problem with his hand or arms, I don't — like arthritis or something like that." The witness stated that appellant left North Brothers as of July 25, 1979 due to "the problems with his hands." While appellant and the Board equated the employer's knowledge of the general state of the employee's health on what turned out to be his last working day with fulfillment of the notice requirements of OCGA § 34-9-80, we cannot agree that such knowledge constitutes the notice envisioned by the statute.

An employer's knowledge of an accident/disablement cannot be presumed, but must be proven by the employee-claimant. *Schwartz v. Greenbaum*, 138 Ga. App. 695, supra. In *Mason, Inc. v. Gregory*, 161 Ga. App. 125, 128 (291 SE2d 30) (1982), this court stated that notice given pursuant to OCGA § 34-9-80 must "put the employer on notice of the *accident* [/*disablement*] which ultimately serves as the basis for [the employee's] claim." Thus, an employer's knowledge of an employee's history of heart disease is not knowledge of the heart attack for which the employee seeks benefits. *Schwartz v. Greenbaum*, 138 Ga. App. 695, supra. On the other hand, an employer who takes an

employee to a physician for treatment of an ailment or is aware of an employee who, complaining of pain, leaves his job to see a physician is deemed to have the knowledge required by OCGA § 34-9-80. *Argonaut Ins. Co. v. Cline*, 138 Ga. App. 778 (1) (227 SE2d 405) (1976); *Ga.-Pacific Corp. v. Buchanan*, 113 Ga. App. 844 (3) (149 SE2d 831) (1966). If knowledge of general "below average" health is held to constitute the knowledge/notice required by OCGA § 34-9-80, an employer would be reluctant to hire anyone not in excellent health. Should a person with "below average" health be hired, an employer would be forced to file a notice of controversion every 21 days since the employer would not know when it would, in the future, be deemed to have had knowledge of a disablement. See OCGA § 34-9-221 (d). A more accurate interpretation of the law would require the employer to have notice or knowledge of the disablement itself. This is particularly true when it is noted that only total disablement is compensable, since "the law does not contemplate such a thing as partial disability in the occupational disease statute . . ." *Yates v. U. S. Rubber Co.*, 100 Ga. App. 583, 588 (112 SE2d 182) (1959). Since North Brothers' knowledge of appellant's "below average" health was not knowledge of disablement, and appellant did not notify North Brothers of his disablement until 9 months had passed, the superior court was correct when it reversed the Board's award.

*U. S. Asbestos v. Hammock*, 140 Ga. App. 378 (231 SE2d 792) (1976), does not compel a different conclusion than that which we have reached. There, the employer was embroiled in the controversion of a compensation claim when a physician declared the claimant unable to work. This court held that the employer had knowledge of the disablement because its attorney took part in the doctor's deposition upon which the board based its finding. Through its agent, its attorney, the employer was deemed to have had sufficient knowledge/notice of the disablement.

3. Appellant maintains that "it was totally unnecessary to prove notice because of the fact that the Employer stipulated at the outset of the hearing that notice was proper." At the hearing before the ALJ, counsel for North Brothers stated a willingness "to stipulate the venue and jurisdiction and [to its being] subject to the Act." However, when the ALJ inquired about notice, counsel replied that "North Brothers was never given notice of the accident until the filing of the claim." Appellant is of the opinion that North Brothers' stipulation of jurisdiction overrides its denial of notice. He bases this conclusion on an opinion in which this court stated that "it is completely unnecessary to remand the case . . . because the board has determined it has no jurisdiction to consider the case under [OCGA § 34-9-80], as notice was not given within 30 days." *Liberty Mut. Ins. Co. v. Carnley*, 135 Ga. App. 599 (4) (218 SE2d 307) (1975). However, fail-

ure to prove notice does not result in a lack of jurisdiction of the matter; instead it results in a denial of the claim for compensation. OCGA § 34-9-80; *Schwartz v. Greenbaum*, 138 Ga. App. 695, supra. The *Carnley* court's reinforcement of the board's poor choice of words is hereby disapproved and henceforth will not be followed.

4. In light of the disposition of this case on the issue of notice, we need not address the remaining errors enumerated.

*Judgment affirmed. Banke, P. J., and Pope, J., concur specially.*

DECIDED NOVEMBER 16, 1984.

*Richard H. Middleton, Jr., Eugene C. Brooks IV*, for appellant.
*Arnold C. Young, Jonathan D. Sprague*, for appellees.

BANKE, Presiding Judge, concurring specially.

I concur reluctantly in what strikes me an extremely harsh result, given that the claimant has undisputedly been disabled by exposure to asbestos during his 35 years of employment in the asbestos trade. The 30-day notice requirement set forth in OCGA § 34-9-80 is specifically made applicable by OCGA § 34-9-284 to claims for compensation for occupational disease. The last sentence of § 34-9-80 allows the board to waive the notice requirement provided "a reasonable excuse is made to the satisfaction of the board for not giving such notice and it is reasonably proved to the satisfaction of the board that the employer had not been prejudiced thereby." However, no evidence was presented in this case to establish the existence of such an excuse after October 9, 1979, the date the claimant learned from his physician that he was suffering from asbestosis. Because notice of the disability was not given within 30 days of that date and because there is no evidence to support a finding that the employer otherwise had reason to know of the claimant's respiratory problem, I consequently believe we have no choice but to affirm the superior court's denial of compensation. Accord *Free v. Associated Indem. Corp.*, 78 Ga. App. 839 (2) (52 SE2d 325) (1949); *Patterson v. Employer's Mut. Liab. Ins. Co.*, 99 Ga. App. 325, 327 (108 SE2d 146) (1959). See generally 3 Larson, Workmen's Compensation Law, § 78.52 (1983).

I am authorized to state that Judge Pope joins in this special concurrence.