70811. COLONIAL STORES, INC. et al. v. HAMBRICK.
(336 SE2d 617)

BENHAM, Judge.

Appellant Colonial Stores, Inc., formerly employed appellee in one of its Big Star supermarkets. For the last three months of his employment, appellee worked as a frozen foods clerk, but on December 11, 1981, he was forced to leave work due to the worsening of his pre-existing pulmonary disease. He alleged that his condition was aggravated by his work duties, which required him to move frozen foods into and out of a large freezer. Appellee applied for and was awarded workers' compensation benefits, and the award was upheld by the State Board of Workers' Compensation and the Superior Court of DeKalb County. When the trial court's decision was filed, copies of the decision were not sent to the parties within the 30-day period for timely appeal to this court. When appellant did learn of the adverse decision, it applied for and was denied the right to appeal. Appellant then filed a motion to have the trial court's judgment set aside; the trial court granted the motion, set aside the judgment, and then reentered it. Within 30 days of the date of reentry, appellant filed a new application for discretionary appeal, which we granted. The case is now before us on appeal, and appellant cites seven enumerations of error.

1. Appellant followed the proper procedure to bring its case before us on appeal. *Cambron v. Canal Ins. Co.,* 246 Ga. 147 (1) (269 SE2d 426) (1980).

2. Appellant cites *Dugger v. North Bros. Co.,* 172 Ga. App. 622 (323 SE2d 907) (1984), in support of its contention that, as a matter

of law, appellee did not give his employer sufficient notice that his reason for leaving work was because he suffered a job-related injury, such notice being required by the Workers' Compensation Act ("Act") (OCGA § 34-9-80). Our review of the record does not comport with appellant's argument. There was evidence that appellee had a good work record until he was transferred to the frozen food/cold storage department; that the store manager knew that due to appellee's lung condition he should not be working in frozen foods; that appellee was unable to complete his work day on December 11, 1981, and that before he left, he told the supervisor who was on duty "that the frozen food had got to me, and I could not finish that night." The ALJ held that appellee had given sufficient notice of his accident under the Act, and we agree. "The required notice need not be given with a view to claiming compensation and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. [Cits.]" *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 780 (227 SE2d 405) (1976). Compare *Carroll v. Dan River Mills,* 169 Ga. App. 558 (313 SE2d 741) (1984). The *Dugger* case is also distinguishable from the instant case inasmuch as the only "notice" that Dugger's employer had was "Dugger's general poor health at the time his employment was terminated . . ." *Dugger v. North Bros.,* supra, at 623. Here we have appellee's statement to his supervisor that the frozen food area was making him sick, in addition to the other evidence of the specific problem.

3. Appellant further asserts that appellee did not sustain an "injury by accident" within the meaning of OCGA § 34-9-1 (4), and that his illness was not work related but was merely a gradual deterioration of his condition and therefore not compensable under the Act. This argument is apparently based on the fact that the ALJ did not specify a single on-the-job incident as being the cause of appellee's injury. In reviewing the record, we note that there was medical testimony to the effect that appellee's susceptibility to lung infections was made more pronounced by his continuing exposure to the freezing temperatures at work. While it is undisputed that appellee had a pre-existing lung disease, the evidence showed that it was aggravated by his employment duties and that the subsequent lung infection from which he suffered was superimposed on his pre-existing condition.

"[I]f the employment contributes to the aggravation of the pre-existing injury, it is an accident under our compensation law, and is compensable and it is not necessary that there be a specific job-connected incident which aggravates the previous injury. [Cit.] It is well settled that where a disability results which is objectively, physiologically ascertainable, it is compensable although the onset of disability is imperceptible from day to day, and there is no one 'accident' at a specifiable time and place to which the result may be attributable.

[Cits.]" *Home Indem. Co. v. Brown,* 141 Ga. App. 563, 566 (234 SE2d 97) (1977). See *Thornton Chevrolet v. Morgan,* 148 Ga. App. 711 (252 SE2d 178) (1979). It is well established that an employee need not be in perfect health or free from disease at the time he received the injury to recover under the Act; the employer takes his employee as it finds him and assumes the risk of a diseased condition aggravated by injury. *Griggs v. Lumbermen's Mut. Cas. Co.,* 61 Ga. App. 448, 452 (6 SE2d 180) (1939), aff'd 190 Ga. 277 (9 SE2d 84) (1940). Viewing the evidence in the light most favorable to the party prevailing before the board, we find that the trial court was correct in affirming the board's award. *Home Indem. Co.,* supra at 566.

4. In its fifth enumeration of error appellant further argues that the lung disease which caused appellee's disability is not an "occupational disease" within the meaning of OCGA § 34-9-280 (3), and that appellee, therefore, is not entitled to compensation under the Act. Enumeration of Error 6 states that, pursuant to OCGA § 34-9-311 (a), the Medical Board was required to review appellee's medical records before a decision on compensability could be rendered. Appellant failed to cite us to, and we did not find, anything in the record that indicates whether or not the occupational disease issue to which these enumerations are addressed had been raised in the forums below. Since appellant did not meet its burden of affirmatively showing error by the record, we will not disturb the judgment on appeal. *Burns v. Barnes,* 154 Ga. App. 802 (2) (270 SE2d 57) (1980). See also Rule 15 (a) and (c) of the Rules of the Court of Appeals of Georgia.

5. Since appellant's reply brief admits that it has waived argument on Enumeration 7, we decline to address it.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 23, 1985.

*Elaine W. Whitehurst, Robert D. Ingram,* for appellants.
*Glyndon C. Pruitt,* for appellee.