74635. WILLIAM L. BONNELL COMPANY v. McKOON.
(361 SE2d 680)

POPE, Judge.

The sole issue in this workers' compensation case is whether claimant gave his employer timely notice of his injury pursuant to OCGA § 34-9-80. On October 8, 1984 claimant began experiencing shoulder pain while at work. Claimant did not inform his employer about his pain at that time and continued working until the end of his shift, at which time he consulted a physician who told claimant he had bursitis. Claimant returned to work the following day and informed one of his employer's superintendents that his shoulder was "bothering" him and that he had been diagnosed as having bursitis. Claimant gave no indication that his condition was caused by his employment or that he had suffered a work-related injury. Indeed, claimant testified that at that time he was unaware that he had suffered a work-related injury.

Claimant continued to experience pain and continued to seek treatment. In January 1985 claimant's physician referred claimant to Dr. Jack H. Powell III, an orthopedic surgeon. Dr. Powell made a preliminary diagnosis of acromioclavicular joint arthritis or mild impingement syndrome and scheduled claimant for arthroscopic surgery. However, in his notes dated February 17, 1985 Dr. Powell stated that "I really am not sure what is wrong with this shoulder to be honest." The arthroscopic procedure was postponed until March 21, 1985 because of other, unrelated health problems suffered by claimant. Following the procedure Dr. Powell diagnosed claimant as having impingement syndrome with tenosynovitis. Claimant's pain persisted and Dr. Powell referred him to another doctor, who concurred in the impingement syndrome diagnosis and performed a neoacromioplasty in hopes of alleviating claimant's pain. Claimant's last day worked for the employer was January 17, 1985, when he left work early because his mother was having surgery. On April 8, 1985 claimant's attorney notified claimant's employer that in December 1984 claimant had received an on-the-job injury while lifting heavy metal and that said injury had resulted in claimant's inability to work and had required claimant to remain under a doctor's care.

The administrative law judge (ALJ) denied the claim based on claimant's failure to give the employer notice of his injury as required by law and claimant's failure to show that his injury arose out of and in the course of his employment. The board reversed the findings of

the ALJ and found that claimant's work aggravated his chronic pre-existing shoulder condition and that claimant therefore suffered a compensable work-related injury. The board also found "that the claimant provided his employer with sufficient notice of the possibility of a compensable injury so as to allow a reasonable investigation if the employer chose to do so." The superior court affirmed the award, and we granted the employer's application for discretionary appeal. *Held*:

OCGA § 34-9-80, in pertinent part, provides: "Every injured employee or his representative shall, immediately on the occurrence of any accident or as soon thereafter as practicable, give or cause to be given to the employer . . . a notice of the accident. This notice shall be given by the employee either in person or by his representative, and until such notice is given the employee shall not be entitled to any physician's fees nor to any compensation which may have accrued under the terms of this chapter prior to the giving of such notice. . . . No compensation will be payable unless such notice, either oral or written, is given within 30 days after the occurrence of an accident. . . ."

As recently reiterated by our Supreme Court, that section "does not require that *notice* of an injury or accident must show that it arose out of and in the course of employment. To effectuate the humane purposes for which the Workers' Compensation Act was enacted, . . . the required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so." (Punctuation omitted.) *Gossage v. Dalton Fire Dept.*, 257 Ga. 430 (360 SE2d 249) (1987). The court then went on to hold that the claimant's statement that he had "sneezed and hurt his back" constituted sufficient notice under the facts of that case. However, as explained hereinbelow, we find the court's conclusion in *Gossage* to be inapposite to the present case.

In *Gossage* the claimant was aware that he had suffered an injury and clearly gave notice to his employer that he had been injured. Conversely, in the present case, the claimant, who stated only that he was suffering from bursitis, did not inform his employer that he had suffered any sort of accident or injury, whether job-related or not. Indeed, the claimant testified that as of January 30, 1985 he was unaware that he had suffered any accident or injury. Likewise, the record shows that as of February 17, 1985 claimant's own physician was unsure of the genesis of claimant's shoulder pain. Just as we have stated that it is illogical and unreasonable to require an employee to give notice of an injury when the employee has not yet learned of the existence of the injury, *Commercial Union Ins. Co. v. Verner*, 150 Ga. App. 13, 14 (256 SE2d 603) (1979), we likewise find that it is illogical

and unreasonable to hold that an employer has sufficient notice of the existence of an injury that has not yet been discovered by either the employee or his treating physician. Thus, it is clear to us that under the circumstances presented here the employer's knowledge of claimant's bursitis was insufficient as a matter of law to constitute the notice of a potential workers' compensation claim as contemplated by OCGA § 34-9-80. Accord *Dugger v. North Bros. Co.*, 172 Ga. App. 622 (1, 2) (323 SE2d 907) (1984). However, we cannot say that the April 8, 1985 notice to the employer was insufficient as a matter of law without first determining when, in fact, claimant had knowledge that he may have suffered a compensable injury. This question, however, is one of fact, not law, that must be resolved by the appropriate tribunal below. *Dugger*, supra at 623. Hence, we find it necessary to remand this case to the board via the superior court in order to determine when the claimant had knowledge that he may have suffered a compensable injury which in turn will determine whether the notice given to the employer on April 8, 1985 was timely.

*Judgment reversed and case remanded. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 11, 1987 —
REHEARING DENIED OCTOBER 15, 1987.

*Oliver B. Dickins, Jr.*, for appellant.
*Arthur B. Edge IV*, for appellee.