A91A0954. IMPRESS COMMUNICATIONS, INC. et al. v. STANLEY.
(414 SE2d 238)

COOPER, Judge.

We granted this discretionary appeal in a workers' compensation case to consider whether claimant gave her employer timely notice of her injury pursuant to OCGA § 34-9-80. Before claimant was hired as a litho-stripper by the employer in 1987, she had a history of back

problems and had been under the care of a chiropractor since 1984. The record reveals that prior to her employment in 1987, claimant suffered a painful hysterectomy and a motorcycle accident and had sustained an injury working on a farm in late 1988. Her job involved a great deal of physical exertion, including bending, squatting, stretching and stooping. She often complained openly of back pain while on the job. Claimant's job also required the lifting and emptying of five-gallon buckets of water and waste chemicals from a film processing machine. This issue was greatly contested by the parties, as witnesses for the employer testified that a new film processor had been installed which did not require manual emptying. Claimant testified that while at work on January 13, 1989, she began experiencing intense pain in her lower back. She did not inform the employer of the onset of the pain but maintained that on the same day, the president of the company told her that he planned to fix the plumbing on the film processor to relieve her from having to manually empty waste fluids, to which claimant replied that it was a good thing because her back was about to give out. On January 20, 1989, claimant was treated by a chiropractor for the gradual onset of lower back pain, and she returned to the chiropractor on February 1, 1989, with pain in her hip and leg and was advised to stay off her feet. Claimant's husband telephoned claimant's supervisor and informed her that claimant needed bed rest and would not report to work for a couple of days. On February 3, 1989, when claimant's trainee failed to come to work, the supervisor called claimant and requested that she come to work. Claimant reported to work in a back brace, which she maintained she showed to the president and her supervisor and discussed with them. Claimant found it painfully difficult to work, only worked one-half a usual workday, and February 3, 1989 was the last day claimant worked for her employer. On February 6, 1989, claimant was admitted to the hospital with an initial diagnosis of a ruptured disk, and later that month, she underwent a diskectomy for treatment of a slipped disk. During her hospitalization, claimant spoke with her supervisor and told the supervisor she had a slipped disk. Neither orally nor in writing did claimant contend she sustained a work related injury or that her condition was in any way related to her job. She did not associate the pain in her hip and leg with her lower back because her back was not painful at the time she stopped working. On her group insurance application she placed a question mark in the space which asked if the injury were work related, and on a physical therapy questionnaire she also placed a question mark on the space designated for place of injury. However, by letter to the claimant dated March 15, 1989, and a copy to the employer, claimant's group insurer denied coverage of claimant's medical expenses after concluding that her injury was work related. On claimant's behalf, her chiropractor and her orthopedic

surgeon wrote the insurer stating that they had no reason to conclude that the injury was work related. On May 1, 1989, the employer was informed by the group carrier that claimant was adopting the insurer's position that her injury was work related. The employer denied that it had received timely notice of a work related injury in accordance with OCGA § 34-9-80 and refused claimant's workers' compensation claim.

The ALJ found that claimant's work, over a two-year period, aggravated her pre-existing back condition until January 13, 1989, when the pain became unbearable; that, nevertheless, claimant continued to work with the pain; that her statement to the president on January 13, 1989 constituted legal notice to her employer pursuant to OCGA § 34-9-80 that her condition was work related; and that she sustained an accident arising out and in the course of her employment on February 3, 1989, when she could no longer work because of her work related back pain. The full board adopted these findings in its award to claimant, and the superior court affirmed the board.

1. In this appeal, the employer and its workers' compensation carrier contend the board and the superior court erred in disregarding OCGA § 34-9-80, which requires that notice be given within 30 days *after* the occurrence of an accident. They argue that notice on January 13, 1989, of the February 3, 1989, injury was premature; that the March 15, 1989, letter to claimant from the group carrier was too late and did not comply with the statute as the letter was not proper notice from employee to employer; and that the first actual notice the employer received stating that claimant professed her injury was work related was on May 1, 1989, well after the 30 days required by the statute.

" 'The question as to adequacy of notice of the accident required by OCGA § 34-9-80 was laid to rest in *Schwartz v. Greenbaum*, 236 Ga. 476 (1) (224 SE2d 38) (1976), which renounced a prior Supreme Court decision to the contrary and held: A liberal construction must be given to effectuate the humane purposes for which the Workers' Compensation Act was enacted. OCGA § 34-9-80 does not require that notice of an injury or accident must show that it arose out of and in the course of the employment. The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so.' [Cit.] The notice need not be in a particular format, but the employee carries the burden of giving timely notice, which will indicate to the proper statutory recipient thereof that ' "there exists at least a possibility that the injury complained of may be job-related" ' (cit.) so that the employer ' " 'may make an investigation if [it] sees fit to do so.' " ' (Cits.)" *Harper v. L & M Granite Co.*, 197 Ga. App. 157 (1) (397 SE2d 739) (1990). The employer main-

tains that it had no duty to make inquiries as to appellant's injury because of her insistence that her condition was not work related.

"Upon appeal, the evidence will be construed most favorable to the party prevailing before the board, and every reasonable factual inference and presumption of validity of award should be indulged in by the reviewing court. [Cits.] Neither the superior court nor this court has any authority to substitute itself as a fact-finding body in lieu of the board; an appellate body is bound by the 'any evidence' standard of review, and is not authorized to substitute its judgment as to weight and credibility of witnesses. [Cits.]" *Harper,* supra at 159. We have previously recognized that a claimant may sustain a gradual injury caused by the deterioration of his or her back due to daily work activities and that the date of such an injury is the date the employee is required to cease work. See *Carey v. Travelers Ins. Co.,* 133 Ga. App. 657 (2) (212 SE2d 13) (1975). Construing the evidence in the proper light, we do not find error in the decision of the board or superior court. The record demonstrates that claimant's injury was sustained on February 3, 1989, the day she ceased work. The employer had specific knowledge of the toll claimant's work was taking on her back before her injury occurred and became aware, shortly after claimant's admission to the hospital, that she had suffered a slipped disk. We conclude that the employer had sufficient notice of the injury to warrant an investigation as soon as it became aware that claimant could no longer perform her work duties due to her injury. This notice occurred after the injury and within the statutory time period. Contrary to the employer's contention, claimant's January 13, 1989, statement was not premature notice of the February 3 injury but merely served to inform the employer that claimant's back problem was work related. We also do not find that claimant's statements that the injury was not work related preclude her recovery as there was evidence of at least a possibility that the injury was job related (see *Gossage v. City of Dalton Fire Dept.,* 257 Ga. 430, 431 (360 SE2d 249) (1987); *State of Ga. v. Mitchell,* 177 Ga. App. 333 (1) (339 SE2d 384) (1985)), and it appears that the medical opinions were rendered without a full understanding of claimant's work activities. In our view, the superior court's order was amply supported by the evidence, and the court did not err in finding that the employer was notified of claimant's injury within the time provided by OCGA § 34-9-80.

2. Employer also argues that the board and superior court erred in concluding that the March 15, 1989, letter provided notice of claimant's injury and in ignoring the fact that the letter was admitted only for the purpose of explaining claimant's conduct. Inasmuch as we have determined that there was adequate notice to employer of claimant's injury independent of this letter, we will not consider this enumeration of error.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 9, 1991 —
RECONSIDERATION DENIED DECEMBER 11, 1991 —

Goodman, McGuffey, Aust & Lindsey, C. Wade McGuffey, Jr., Leslie Stewart, for appellants.
Peter M. Blackford, John E. Gilchrist, for appellee.