**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 4, 2016**

# In the Court of Appeals of Georgia

A16A0300. BELL v. GILDER TIMBER COMPANY et al.

MERCIER, Judge.

We granted Kenneth Bell's application for discretionary appeal to review the decision of the Superior Court of Laurens County affirming the decision of the appellate division of the State Board of Workers' Compensation, which had denied Bell's claim for permanent partial disability income benefits. In his sole enumeration of error, Bell contends that the State Board of Workers' Compensation erred as a matter of law by failing to toll, or carve out an exception to, the four-year statute of limitation found in OCGA § 34-9-104 (b), and thereby denying him benefits because his compensable injury took place outside the statutory four-year time period. Finding no error, we affirm.

> In reviewing a workers' compensation award, this Court must construe the evidence in the light most favorable to the party prevailing before the appellate division. The findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and neither the superior court nor this Court may substitute itself as a factfinding body in lieu of the State Board.

*Laurens County Bd. of Educ. v. Dewberry*, 296 Ga. App. 204, 205-206 (674 SE2d 73) (2009) (citation, punctuation, and footnote omitted). However, "[w]hile the findings of fact of the appellate division are conclusive and binding when supported by any evidence, reviewing courts, including this court and the superior courts, may review the appellate division's legal determinations and reverse an award based on an erroneous theory of law." *Mechanical Maintenance, Inc. v. Yarborough*, 264 Ga. App. 181, 183 (590 SE2d 148) (2003) (footnote omitted).

The facts in this case are undisputed. Bell sustained a compensable injury to his neck in January 1992 while working for Gilder Timber Company (Gilder). As a result of the injury, Bell underwent cervical fusion surgery in February 1992. Bell was not assigned a permanent partial disability ("PPD") rating at that time. However, Bell was granted temporary total disability ("TTD") income benefits for a period of approximately four months until he returned to work. Bell returned to work in 1992 until he retired in 2009, but between 1992 and 2009 he experienced continued pain in his neck and

2

eventually elected to have a second surgery as recommended by his doctors. The question of whether Gilder would pay for the second surgery was litigated before the State Board of Workers' Compensation. Gilder was ordered to pay for the surgery because it resulted from an injury that arose during the course of Bell's employment. The surgery was performed in September 2013. After the surgery was performed, Bell's doctor assigned him a 15% PPD rating. Bell then sought payment of PPD income benefits from Gilder at a hearing of the State Board of Workers' Compensation in November 2014. The surgery Bell underwent in 2013 was directly related to the original injury he suffered in 1992. However, Bell's 2014 claim for PPD income benefits was denied because the State Board of Workers' Compensation found that it was barred by the statute of limitation set forth in OCGA § 34-9-104 (b). Bell appealed this decision, and in March 2015, the appellate division of the State Board of Workers' Compensation affirmed the denial of PPD income benefits as being barred by the statute of limitation. Bell then appealed the ruling to the Superior Court of Laurens County, where the decision of the State Board of Workers' Compensation was affirmed. This appeal followed.

Bell contends that although his claim for PPD benefits was not filed within four years of the last time he received TTD benefits and thus would normally be barred by the

3

statute of limitation, we should create an exception to the statute of limitation and permit his claim to go forward. The statute of limitation at issue in this case can be found in OCGA § 34-9-104 (b). The statute pertinently provides, "any party may file for benefits solely under Code Section 34-9-263 [PPD benefits] not more than four years from the date the last payment of income benefits pursuant to Code Section 34-9-261 [TTD] or 34-9-262 [temporary partial disability, "TPD"] was actually made under this chapter." It is undisputed that Bell's claim for PPD benefits in 2014 was not filed within four years of the last payment of TTD income benefits in 1992. However, Bell argues that because the application of the statute of imitation will lead to a harsh result in this case, we should create a limited exception to the rule.

We recognize that the application of the statute of limitation under these circumstances leads to a harsh result. Bell's need for the surgery in 2013 relates back to his original compensable injury in 1992. It would seem obvious that his permanent partial disability rating should also relate back to the 1992 injury, regardless of the passage of time. Bell argues that this application of the statute of limitation leads to an absurd and inequitable result in that an employee with an otherwise meritorious claim for PPD benefits would be barred from receiving those benefits because he chose to return to work, while a similarly situated employee who chose not to return to work, and

4

received TTD benefits until a subsequent surgery was performed and PPD rating assigned, would not be barred by the statute of limitation. We agree with Bell's argument that this is a harsh and inequitable result. However, we do not agree that this Court should create an exception to the statute of limitation.

"When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning." *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citations and punctuation omitted). "[W]here the language of a statute is plain and susceptible of only one natural and reasonable construction, an appellate court must construe the statute accordingly." *In re L.T.*, 325 Ga. App. 590, 592 (754 SE2d 380) (2014) (punctuation and footnote omitted). In the instant case, the statute is clear and unambiguous, and its plain and ordinary meaning is that the statute bars claims for PPD benefits made more than four years from the last payment of either TTD benefits or TPD benefits. See OCGA § 34-9-104 (b).

"Statutes of limitation are considered as beneficial, and resting on principles of a sound public policy, and as not to be evaded except by the methods provided therein. . . . And courts cannot engraft on such statutes exceptions not contained therein, however inequitable the enforcement of the statute, without such exceptions, may be." *Harrison*

*v. Holsenbeck*, 208 Ga. 410, 412 (67 SE2d 311) (1951) (citation and punctuation omitted). Here, Bell presents a compelling policy argument as to why an exception should be created; however, those arguments are properly addressed to the General Assembly. See *Unified Government of Athens-Clarke County v. Athens Newspapers, LLC*, 284 Ga. 192, 199 (2) (663 SE2d 248) (2008) (policy arguments as to reasonableness of statutory time limits for Open Records Act request responses, should be addressed by the legislature). Although the result under these facts may be harsh, we cannot construe OCGA § 34-9-104 (b) to force an outcome that the legislature did not expressly authorize. See generally *Turner v. Georgia River Network*, 297 Ga. 306, 308 (773 SE2d 706) (2015). Therefore, the State Board of Workers' Compensation did not err by failing to toll, or carve out an exception to, the four-year statute of limitation found in OCGA § 34-9-104 (b), nor did the superior court err by affirming the decision of the State Board of Workers' Compensation.

*Judgment affirmed. Ellington, P. J., and Branch, J., concur.*