**FIFTH DIVISION
MCFADDEN, P. J.,
BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 20, 2017**

# In the Court of Appeals of Georgia

A17A0094. KENDRICK v. SRA TRACK, INC. et al.

McFADDEN, Presiding Judge.

Charles Kendrick appeals from the affirmance of a board of workers' compensation decision denying his claim for benefits. Kendrick argues that the board erred in failing to find that the employer's defense is time-barred by OCGA § 34-9-221 (h), which requires that notices to controvert be filed "within 60 days of the due date of the first payment of compensation." But that argument rests on the proposition that a prescription card the employer gave Kendrick constitutes "compensation" under that provision. It does not. Kendrick also argues that the board erred in finding that his injury did not arise out of and in the course of his employment and in finding that he was not a continuous employee at the time of the injury. Because Kendrick

was traveling to a motel near the job site when he was injured, those contentions are also without merit. So we affirm.

1. *Facts and procedural posture.*

On appeal from a workers' compensation award, we review findings of fact under the "any evidence" standard. *McAdoo v. MARTA*, 326 Ga. App. 788, 792 (1) (755 SE2d 278) (2014).

> In reviewing a workers' compensation award, this [c]ourt must construe the evidence in the light most favorable to the party prevailing before the appellate division. The findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and neither the superior court nor this [c]ourt may substitute itself as a factfinding body in lieu of the State Board.

*Bell v. Gilder Timber Co.*, 337 Ga. App. 47 (785 SE2d 682) (2016) (citation omitted).

So viewed, the evidence shows that Charles Kendrick was employed by SRA Track, Inc.,[1] to help repair railroad tracks in various states, including Georgia, Alabama, Tennessee, North Carolina and Virginia. At approximately 4:00 p.m. on Sunday, January 13, 2013, Kendrick left his home in Georgia on his motorcycle to drive to a motel in Alabama, where he planned to spend the night before beginning

---

[1]We note that in the record and briefs the employer is referred to as both SRA Track, Inc., and SRA Track, LLC. In this opinion, we have used the employer name designated on the notice of appeal.

work on an SRA job the next morning. While traveling to the motel, Kendrick was injured in a motorcycle accident. After the accident, Kendrick received a prescription card from SRA's insurer, which he used through December 2013 to help pay for pain medications.

On January 28, 2014, Kendrick filed a workers' compensation claim for temporary disability benefits. On March 3, 2014, SRA and its insurer filed a notice to controvert the claim on the ground that the accident did not arise out of and in the course of Kendrick's employment. A hearing on the claim was held before an administrative law judge on July 24, 2015. Thereafter, on September 17, 2015, the ALJ issued an order denying Kendrick's claim for benefits, finding that the accident did not arise out of and in the course of Kendrick's employment and that he was not a continuous employee at the time he was injured. Kendrick appealed to the Appellate Division of the State Board of Workers' Compensation, which adopted the ALJ's order as its award. Kendrick then appealed to the superior court, which held a hearing but did not enter an order disposing of the appeal within 20 days of the hearing, thereby resulting in the board's award being affirmed by operation of law. See OCGA § 34-9-105 (b) Kendrick's application for discretionary appeal to this court was granted, and this appeal followed.

3

2. *OCGA § 34-9-221 (h).*

Kendrick argues that the superior court erred in failing to find that SRA was time-barred by OCGA § 34-9-221 (h) from controverting his claim on the ground that the accident did not arise out of or in the course of his employment. The argument is without merit because that code section does not apply to the facts of this case.

OCGA § 34-9-221 (h) provides: "Where *compensation* is being paid without an award, the right to compensation shall not be controverted except upon the grounds of change in condition or newly discovered evidence unless notice to controvert is filed with the board within 60 days of the due date of first payment of compensation." (Emphasis supplied.) Kendrick contends that the prescription card from SRA's insurer, which he used to pay for medications, constituted compensation under OCGA § 34-9-221 (h). Therefore, he argues, SRA was required to file a notice to controvert the workers' compensation claim within 60 days of the first payment with that card, but SRA failed to timely file such notice and it was thus barred from controverting the claim on any ground other than change in condition or newly discovered evidence.

However, contrary to Kendrick's contention, the prescription card used to pay for medications was not compensation under that code section, which governs only

4

compensation for income benefits, not medical benefits. See generally *Jackson v. Georgia Bldg. Auth.*, 144 Ga. App. 275, 276 (241 SE2d 54) (1977) (in construing another statute, recognizing distinction between income benefits for lost wages and medical benefits in workers' compensation claims). As our Supreme Court has held, "OCGA § 34-9-221 governs the procedure for employers and insurers to follow in paying *income benefits* to employees and disputing the employees' claims." *Meredith v. Atlanta Intermodal Rail Svcs.*, 274 Ga. 809, 810 (561 SE2d 67) (2002) (emphasis supplied). Indeed, it is apparent from the plain language of OCGA § 34-9-221 that it refers only to compensation for income benefits, while medical benefits are not mentioned anywhere in that code section. Consistent with that plain language, in a case that turned on the question of what is included in the term "compensation" under OCGA § 34-9-221 (h), this court relied on a prior holding "that the term 'compensation' [in that statute] encompasses all of the accrued income benefits[.]" *Cartersville Ready Mix Co. v. Hamby*, 224 Ga. App. 116, 118 (2) (479 SE2d 767) (1996) (citation, punctuation, and emphasis omitted). As our Supreme Court has further explained, "the state board [of workers' compensation] has interpreted subsection (h) [of OCGA § 34-9-221] as applying *only when income benefits are being paid*, and the General Assembly has failed to overturn either the court decisions

5

or agency rules despite frequent amendments to the statute." *Meredith*, supra at 813 (emphasis supplied).

In the instant case, SRA did not pay income benefits for lost wages to Kendrick. See OCGA § 34-9-260 (method for computing compensation generally based on average weekly wages). Because the prescription card was not an income benefit, it did not constitute compensation under OCGA § 34-9-221 (h). Accordingly, that code section does not apply to this case and Kendrick's misplaced reliance on it provides no basis for reversing the affirmance of the board's award.

3. *Arising out of and in the course of employment.*

Kendrick contends that the superior court erred in affirming by operation of law the board's findings that his injury did not arise out of or in the course of his employment. We disagree.

> To be compensable under the Workers' Compensation Act, an employee's accidental injury must arise both out of and in the course of his or her employment. OCGA § 34-9-1 (4). The term "arising out of" refers to some causal connection between the conditions under which the employee worked and the injury. The words "in the course of" relate to the time, place and circumstances of the accident. An injury arises in the course of certain employment if the employee is engaged in that employment at the time the injury occurs. In general, collisions occurring while employees are traveling to and from work do not arise out of and in the course of employment.

6

*Medical Ctr. v. Hernandez*, 319 Ga. App. 335, 336 (1) (734 SE2d 557) (2012) (citations and punctuation omitted).

Here, Kendrick was not yet engaged in his employment at the time of the accident. Rather, it was the day before his job was to begin and he was traveling to a motel near the job site when the accident occurred. "Thus, as found by the ALJ, appellate division and [as affirmed by operation of law in the] superior court, the injuries sustained while [Kendrick was] traveling to work did not arise out of or in the course of [his] employment." Id. at 336-337 (1).

4. *Continuous employment doctrine.*

Kendrick claims that his injuries nevertheless are compensable under the continuous employment doctrine. However, that doctrine does not apply in the instant case.

> Under Georgia's doctrine of continuous employment, more commonly known nationally as the traveling employee doctrine, there is broader workers' compensation coverage afforded an employee who is required by his employment to lodge and work within an area geographically limited by the necessity of being available for work on the employer's job site. Such an employee is, in effect, in continuous employment, day and night, for the purposes of the Workers' Compensation Act, and activities performed in a reasonable and prudent manner for the health and comfort of the employee, including recreational activities, arise out of and are in the course of the employment.

7

*Ray Bell Constr. Co. v. King*, 281 Ga. 853, 855 (642 SE2d 841) (2007) (citations and punctuation omitted).

In this case, Kendrick was required to lodge and work in Alabama during the work week for the upcoming SRA job that he was traveling to at the time of the accident. "Thus, once [Kendrick] had arrived at the job site and begun [his] duties for the week, barring some deviation for a personal mission wholly foreign to [his] employment, the continuous employment doctrine very well might have been applicable to [him]." *Medical Ctr. v. Hernandez*, supra at 337 (2) (citation omitted). However, having previously returned to his home in Georgia for the weekend, he was not performing work duties or being paid by SRA as he traveled to a motel near the work site.

> Thus, at that point, [Kendrick was] off-duty and [not] continuously employed. Any continuous employment coverage for [him] would have [begun] only when [he was] back in the general proximity of the place where [he was] employed and at a time [he was] employed to be in that general proximity. As demonstrated by numerous cases, an injury arises out of and in the course of a traveling employee's employment if he is injured in performing the duties of his employment. Although [Kendrick was traveling to a motel in] the general proximity of the [job] site at the time of the accident, it is undisputed that [he] had not yet arrived at the site and thus had not yet resumed performing the duties of [his] employment.

8

*Medical Ctr. v. Hernandez*, supra at 337-338 (2) (citations and punctuation omitted). Under these circumstances, the continuous employee doctrine does not apply and there was no error in "the board's determination that the injuries, sustained in an accident while the employee[ was] on [his] way to [a motel near his] work, were not compensable." Id. at 339 (2).

*Judgment affirmed. Branch and Bethel, JJ., concur.*