**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 27, 2018**

# In the Court of Appeals of Georgia

A17A1726. DAVIS et al. v. LOUISIANA-PACIFIC CORP.

REESE, Judge.

John Davis was exposed to asbestos while working for Louisiana-Pacific Corporation in Alabama. More than 17 years after he voluntarily resigned and moved to Georgia, he was diagnosed with mesothelioma. He filed a claim for benefits with the Georgia State Board of Workers' Compensation ("Board"), and his surviving spouse and dependent later filed a claim for death and dependent benefits. The administrative law judge ("ALJ") and the State Board found that the Board did not have jurisdiction. The superior court affirmed, and we granted discretionary review. For the reasons set forth, infra, we affirm.

The parties stipulated to the following facts: In 1984, Davis, an Alabama resident, accepted a job working for Louisiana-Pacific Corporation. After undergoing

a pre-employment physical examination in Eufaula, Alabama, Davis worked exclusively at Louisiana-Pacific's Clayton, Alabama facility. In March 1998, he voluntarily resigned and permanently moved to Georgia. Davis was diagnosed with mesothelioma in May 2015 in Georgia, where he exclusively received treatment for his mesothelioma condition.

Davis filed a claim for benefits with the Board in August 2015. After he died as a result of his condition the following month, his surviving spouse, individually and on behalf of a minor child ("Appellant"), filed a claim for death and dependent benefits. Neither Davis nor Appellant asserted a claim for benefits under Alabama's workers' compensation system.

> So long as there is some evidence to support the [Board's] decision, findings of fact by the State Board are conclusive and binding on reviewing courts, and judges lack authority to set aside an award based on disagreement with the Board's conclusions. However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review in superior court and on appeal to this court.[1]

---

[1] *Home Depot v. McCreary*, 306 Ga. App. 805, 808-809 (2) (703 SE2d 392) (2010) (citations and punctuation omitted).

With these guiding principles in mind, we turn now to Appellant's specific claims of error.

1. Appellant argues that dismissal was improper because, under Article 8 of the Act, specifically OCGA § 34-9-281, the Board has jurisdiction over all work-related injuries and deaths that occur in Georgia. Although Davis was last exposed to asbestos in Alabama, Appellant contends that his work-related injury did not occur until he was diagnosed and became disabled, both of which took place in Georgia, as did his work-related death. In a related claim of error, Appellant contends that general rules of statutory construction support his interpretation.

"Where applicable, the Workers' Compensation Act[2] provides the exclusive remedy to an employee injured by accident arising out of and in the course of the employment. "[3] The general provisions of the Act apply to Article 8, "Compensation

---

[2] OCGA § 34-9-1 et seq.

[3] *Johnson v. Hames Contracting*, 208 Ga. App. 664, 667 (4) (a) (431 SE2d 455) (1993) (citation and punctuation omitted).

3

for Occupational Disease,"[4] "unless otherwise provided in or inconsistent with [that] article."[5] OCGA § 34-9-281 (a), on which Appellant relies, begins:

> *Where the employer and employee are subject to this chapter*, the disablement or death of an employee resulting from an occupational disease shall be treated as the occurrence of an injury by accident; and the employee or, in the case of his or her death, the employee's dependents shall be entitled to compensation as provided by this chapter. *The practice and procedure prescribed in this chapter shall apply to all the proceedings under this article except as otherwise provided.*[6]

Thus, OCGA § 34-9-281 (a), by its own terms, applies only where both the employer and employee are subject to the Act.

In contrast, OCGA § 34-9-242, located in Article 6, "Payment of Compensation," provides:

> In the event an accident occurs while the employee is employed elsewhere than in this state, which accident would entitle him or his dependents to compensation if it had occurred in this state, the employee

---

[4] OCGA § 34-9-280 et seq.

[5] OCGA § 34-9-288; see *Williams v. Crompton Highland Mills*, 190 Ga. App. 621, 624 (2) (379 SE2d 622) (1989).

[6] OCGA § 34-9-281 (a) (emphasis supplied).

4

or his dependents shall be entitled to compensation if the contract of employment was made in this state and if the employer's place of business or the residence of the employee is in this state unless the contract of employment was expressly for service exclusively outside of this state.

Thus, OCGA § 34-9-242 includes a jurisdictional provision, unlike Article 8.

Appellant does not dispute that the contract of employment was entered into in Alabama for service exclusively in that state. Under the plain and ordinary meaning of OCGA § 34-9-242,[7] if the "accident" occurred while Davis was employed in Alabama, he does not meet the conditions of coverage under the Act.[8]

---

[7] See *Bell v. Gilder Timber Co.*, 337 Ga. App. 47, 49 (785 SE2d 682) (2016) ("When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning.") (citation and punctuation omitted); see also *Gill v. Prehistoric Ponds*, 280 Ga. App. 629, 632 (2) (634 SE2d 769) (2006) ("Generally we give words their ordinary signification, except that we construe words of art or words connected with a particular trade or subject matter according to their meaning within that subject matter or trade. It is an elementary rule of statutory construction that a statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes 'in pari materia,' are construed together.") (punctuation and footnote omitted).

[8] See *Guinn v. Conwood Corp.*, 185 Ga. App. 41, 46-47 (363 SE2d 271) (1987).

Although Davis did not have a work-related "injury" under the Act until his 2015 diagnosis and disablement in Georgia, the "accident" that resulted in Davis's injury was his exposure to asbestos while he was employed in Alabama.[9] Thus, because the contract of employment was also made in Alabama, OCGA § 34-9-242 excludes compensation for Davis's "injury" (his disablement and death) under the Act. It follows that the Board did not err by dismissing the claims for lack of jurisdiction.

2. Appellant contends that the dismissal for lack of jurisdiction violated public policy and the liberal construction to be accorded the Act.

---

[9] "Injury" is not synonymous with "accident." To conclude otherwise would render the word "accident" superfluous in the phrase "injury by accident." See OCGA § 34-9-281 (a); see also *Dan River, Inc. v. Shinall*, 186 Ga. App. 572, 574 (367 SE2d 846) (1988) ("The construction of language and words used in one part of the statute must be in the light of the legislative intent as found in the statute as a whole.") (citation omitted). OCGA § 34-9-1 (4) defines "injury" or "personal injury" as meaning "only injury by accident arising out of and in the course of the employment[.]" Certain occupational diseases are compensable injuries under the Act if, inter alia, "the disease followed as a natural incident of exposure by reason of the employment." See OCGA § 34-9-280 (2) (B); see also *Dugger v. North Bros. Co.*, 172 Ga. App. 622, 624 (2) (323 SE2d 907) (1984). OCGA § 34-9-281 (a) thus provides that "the disablement or death of an employee resulting from an occupational disease shall be treated as the happening of an 'injury by accident.'" *Yates v. U. S. Rubber Co.*, 100 Ga. App. 583, 587 (2) (112 SE2d 182) (1959) (citing former Ga. Code Ann. § 114-801).

6

"The Board is a 'creature of statute' with only the jurisdiction, power, and authority conferred upon it by the General Assembly. The Board performs all the powers and duties relating to the enforcement of the [Act.]"[10] The Act "shall be liberally construed only for the purpose of bringing employers and employees within the provisions of [the Act] and to provide protection for both."[11]

The General Assembly chose to exclude compensation for an "accident" that occurs while the employee is employed outside the state except as provided in OCGA § 34-9-242. We decline to expand that provision.

*Judgment affirmed. Miller, P. J., and Doyle, P. J., concur.*

---

[10] *Aetna Workers' Comp Access v. Coliseum Med. Center*, 322 Ga. App. 641, 644 (1) (746 SE2d 148) (2013) (citations and footnote omitted).

[11] OCGA § 34-9-23 (requiring impartial application to both employers and employees).